IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 9, 2019 Session

**U.S. BANK NATIONAL ASSOCIATION, ET AL. v.**
**MARCE HARVEY INGRAM, ET AL.**

**Appeal from the Chancery Court for Gibson (Humboldt) County**
**No. H6118     Clayburn Peeples, Judge[1]**

---

**No. W2018-01689-COA-R3-CV**

---

This a declaratory judgment action in which the plaintiff sought to reform a deed that included an incorrect description of the property at issue. The plaintiff alleged that a mutual mistake had occurred and that the parties to the transaction intended to encumber a 2-acre tract of land, not a 0.7-acre tract of land as described in the deed. The plaintiff claimed that the land had also been improperly released. The trial court agreed and granted summary judgment in favor of the plaintiff. The defendants appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ARNOLD B. GOLDIN and KENNY W. ARMSTRONG, JJ., joined.

Harold R. Gunn, Humboldt, Tennessee, for the appellants, Marce Harvey Ingram and Michael Harvey.

Lauren Paxton Roberts and J. Anne Tipps, Nashville, Tennessee, for the appellee, U.S. Bank National Association, as indenture trustee for CIM TRUST 2016-4, Mortgage backed notes, series 2016-4.

**OPINION**

**I.     BACKGROUND**

Joe Abbott ("Decedent") acquired the 2-acre parcel that is at issue on November 5, 2003. The 2-acre parcel bears parcel number 136 052.02 and has a listed address of 143

---

[1] Sitting by interchange.

Old Trenton Humboldt Road in the tax assessor's records of Gibson County. He acquired an adjacent 0.7-acre parcel (the "0.7-acre parcel") on April 21, 2007, as shown in the tax assessor's records. The 0.7-acre parcel bears parcel number 136 052.03 and also has a listed address of 143 Old Trenton Humboldt Road.

Decedent executed a note and deed of trust in the amount of $59,764.28 in favor of American General Financial Services, Inc. ("AGFS") on August 21, 2007. AGFS commissioned an appraisal, which listed the subject property as "2 AC+-" and included a 2001 Chandele Homes, Incorporated manufactured home. The legal description for the deed included the 2-acre parcel as well as the 0.7-acre parcel. This instrument was recorded. AGFS then executed a release of the 0.7-acre parcel on November 3, 2008, because the parties did not intend to include the 0.7-acre parcel as collateral for the loan. The release included the legal descriptions for both parcels; however, a handwritten note on the release states "we are releasing parcel two [the 0.7-acre parcel] only." This instrument was also recorded.

Decedent then executed a note and deed of trust in the amount of $79,943.00 in favor of AAA Worldwide Financial Co. on October 16, 2008. The collateral for this deed of trust was the 0.7-acre parcel, as well as a 2008 Southern Homes manufactured home. This instrument was recorded.

On December 3, 2008, Decedent applied for a refinance of the $59,764.28 loan with AGFS. The signed loan application listed the collateral for the loan as "143 Old Trenton Road Humboldt." Under the section titled "Description of Prop." Decedent listed "5 BD Doublewide 2ACR", indicating the property to be secured was 2 acres. He also included the purchase date of November 1, 2003. In connection with this refinance loan application, AGFS relied on the original appraisal of the 2-acre parcel. The loan application was approved and a new loan was made by AGFS in the amount of $60,670.70. Decedent then executed a note and deed of trust for this same amount in favor of AGFS on December 23. The new loan for $60,670.70 paid off the indebtedness still owing under the $59,764.28 loan secured by the 2-acre parcel. However, the legal description for the 0.7-acre parcel was recited in the deed of trust rather than the legal description for the 2-acre parcel. The instrument was recorded.

AGFS attempted to correct the error on February 16, 2010, by re-recording the deed of trust with the legal description for the 2-acre parcel. On February 22, 2010, AGFS recorded a Release of Mortgage, which purported to release the deed of trust and related indebtedness as fully paid; however, the indebtedness was still due and owing with no consideration having been given for the Release.

The 0.7-acre parcel was foreclosed on July 29, 2010, and sold to GMAC Mortgage, LLC. On August 21, 2015, U.S. Bank National Association ("Plaintiff") acquired the interest created by the December 23 deed of trust. No intervening liens are recorded on the 2-acre parcel. Decedent died on February 28, 2016.

On April 6, 2017, Plaintiff filed a complaint for a declaratory judgment in which it sought to quiet title to the 2-acre parcel. Plaintiff sought a reformation of the December 23 deed to include the correct legal description of the property and a declaration that the February 22 Release was void and without effect. Plaintiff alleged that the incorrect legal description occurred as a result of "a scrivener's error and mutual mistake of the parties" to the transaction. Plaintiff alternatively sought to quiet title to the property in the name of the current owners by virtue of adverse possession under color of title, subject to its first lien position. Plaintiff listed Decedent's heirs, Marce Harvey Ingram and Michael Harvey (collectively "Defendants"), as the respondents.

Defendants denied Plaintiff's allegations and requested dismissal, claiming that Plaintiff only held an interest in the 0.7-acre parcel, not the 2-acre parcel. Plaintiff then moved for summary judgment with a statement of undisputed material facts and supporting documentation establishing that Decedent and AFGS intended for the $60,670.70 loan to be a refinance of the $59,764.28 loan, which was secured by the 2-acre parcel, and for the new loan to also be secured by the same parcel. Plaintiff included Decedent's loan application, which listed the property as "5 BD Doublewide 2ACR" and indicated that he acquired the property at issue in November 2003, and an affidavit in which Plaintiff's witness attested that the debt remained due and owing.

Defendants responded by asserting that the contracts at issue should be enforced as written. They further claimed that the parol evidence rule barred the evidence relied upon to establish the alleged mistake. Plaintiff responded by asserting that the parol evidence rule does not bar evidence to establish a mutual mistake, namely that Decedent applied for and received a loan to refinance his debt on the 2-acre parcel and that the parties intended to secure the resulting loan with the 2-acre parcel but erroneously recited the legal description of the adjacent 0.7-acre parcel in the deed.

Defendants then responded by asserting that Plaintiff failed to allege mutual mistake or fraud in the original complaint with sufficient particularity. Plaintiff also filed a supporting affidavit in which Marce Ingram attested that Decedent advised her that "he was glad that the land was released" by AFGS because the land would pass to them "free and clear upon his death." Plaintiff issued a reply in which it asserted that the statements included in Ms. Ingram's affidavit were inadmissible hearsay and referred Defendants to the complaint in which mutual mistake was pled in support of the request for relief.

The case proceeded to a hearing, after which the trial court granted summary judgment in favor of Plaintiff, finding that the parties to the transaction intended to secure the December 23 deed with the 2-acre parcel and that the Release was done in error as evidenced by the fact that the indebtedness was still due and owing with no consideration having been given for the Release. The court further found that Defendants had not submitted any evidence establishing a disputed material fact. Accordingly, the court entered judgment in favor of Plaintiff, dated May 3, 2018, and reformed the legal description of the property as requested and declared the Release void and of no effect.

On May 18, 2018, Defendants filed a motion requesting clarification of the court's order. Defendants claimed that the court failed to establish why the deed should not be enforced as written or to state the circumstances supporting a finding of mistake with sufficient particularity or legal grounds in support of such a finding. Defendants noted that the court awarded declaratory relief when Plaintiff cited Tennessee Code Annotated section 20-4-103[2] "as their jurisdiction and venue of their action."

The court issued additional findings of fact and conclusions of law on July 26, 2018, and then re-issued the same findings in a second judgment, titled "Final Order" and dated July 26, 2018. The court expounded upon its prior ruling and found that the "facts and pleadings show that the intent of [the parties] was for the [2-acre parcel] to be used as collateral under the note and deed of trust" at issue. The court stated that no evidence was presented establishing that the 0.7-acre plot was intended by either party to be part, or all, of the collateral for the note. The court found that the mortgage created was released in error because the indebtedness was still due and owing and no consideration had been given for the release. The court stated that the "only way to effectuate the intent of the parties and prevent unjust enrichment is for the court to reform the deed of trust to comport with the original intent." Noting its inherent power as a court of equity to grant declaratory relief, the court held that Plaintiff was entitled to declaratory relief because the mistake at issue "did not reflect the intention of either party" and was a "mistake common to both." Accordingly, the court reformed the legal description of the deed and declared the Release null and void. This appeal followed.[3]

---

[2] "[I]n cases where the suit is brought to obtain possession of personal property, or to enforce a lien or trust deed or mortgage, or where it relates to real property, the attachment may be sued out or suit brought in any county where the real property, or any portion of it, lies, or where any part of the personal property may be found."

[3] Plaintiff sought dismissal of the appeal as untimely. We deferred ruling on the issue. Plaintiff did not raise the issue in its appellate brief. Assuming that Plaintiff has not waived review of this issue, we hold that the appeal was timely filed following the court's resolution of several post-judgment motions. While not titled as such, the post-judgment motions filed by Defendants are most properly characterized as Rule 52.02 motions for additional findings. Such a motion tolls the time for the filing of a notice of appeal pursuant to Rule 4(b) of the Tennessee Rules of Civil Procedure.

## II.  ISSUE

The sole and dispositive issue on appeal is whether the court erred in granting summary judgment and providing the relief requested by Plaintiff.[4]

## III.  STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a properly supported motion is made, "the nonmoving party 'may not rest upon the mere allegations or denials of [its] pleading,' but must respond, and by affidavits or one of the other means provided in [Rule 56 of the Tennessee Rules of Civil Procedure], 'set forth specific facts' at the summary judgment stage 'showing that there is a genuine issue for trial.'" *Id.* at 265 (quoting Tenn. R. Civ. P. 56.06). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light

---

[4] Defendants raise a number of issues on appeal; however, each issue relates to the court's authority to grant the relief requested under the circumstances presented. Again, Defendants also question the court's ability to award declaratory relief. We refer them to Tennessee Code Annotated section 29-14-102, which provides as follows:

> (a) Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.
> (b) No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.
> (c) The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree.

The plaintiff in this case sought declaratory relief in the original complaint and subsequent motions.

most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.  DISCUSSION

Courts must interpret contracts and deeds as written and cannot draft new contracts for parties who have already written one. *Sikora v. Vanderploeg*, 212 S.W.3d 277, 286 (Tenn. Ct. App. 2006).  Tennessee Code Annotated section 47-50-112(a) also provides as follows:

> All contracts, including, but not limited to, notes, security agreements, deeds of trust, and installment sales contracts, in writing and signed by the party to be bound, including endorsements thereon, shall be prima facie evidence that the contract contains the true intention of the parties, and shall be enforced as written; *provided, that nothing herein shall limit the right of any party to contest the agreement on the basis it was procured by fraud or limit the right of any party to assert any other rights or defense provided by common law or statutory law in regard to contracts*.

(Emphasis added.).  A chancery court "has the power to reform and correct errors in deeds produced by fraud or mistake." *Wallace v. Chase*, No. W1999-01987-COA-R3-CV, 2001 WL 394872 at *3 (Tenn. Ct. App., Apr. 17, 2001).  A mistake occurs when an action would not have happened but for "ignorance, forgetfulness, advertence, mental incompetence, surprise, misplaced confidence, or imposition." *Town of McMinnville v. Rhea*, 316 S.W.2d 46, 50 (Tenn. Ct. App. 1958).  The doctrine of reformation is only appropriate when the intent of both parties is clear and the same. *Hunt v. Twisdale*, No. M2006-01870-COA-R3-CV, 2007 WL 2827051, at *8 (Tenn. Ct. App. Sept. 28, 2007). "Because the law strongly favors the validity of written instruments, a person seeking to reform a written contract must do more than prove a mistake by the preponderance of evidence . . . . the evidence of mistake must be clear and convincing." *Sikora*, 212 S.W.3d at 287.  A mistake can occur through the expression of an agreement or when one or both parties falsely believe that the signed contract reflects a previously-made agreement. *Chandler v. Charleston Volunteer Fire Dep't.*, No. W2011-00322-COA-R3-CV, 2011 WL 4026844 at *4 (Tenn. Ct. App., Sep. 13, 2011); *Sikora*, 212 S.W.3d at 287.

To reform an agreement because of mistaken expression, a party must present clear and convincing evidence that proves:

> (1) the parties reached a prior agreement regarding some aspect of the bargain;
> (2) they intended the prior agreement to be included in the written contract;

(3) the written contract materially differs from the prior agreement; and

(4) the variation between the prior agreement and the written contract is not the result of gross negligence on the part of the party seeking reformation.

*Sikora*, 212 S.W.3d at 287-88. Gross negligence can occur when a party's mistake happens through a failure to act in good faith or without reasonable standards of fair dealing. *Id.*, 212 S.W.3d at 290; *see also Payne v. First Cmty. Bank (In re Payne)*, 523 B.R. 560, 574 (Bankr. E.D. Tenn. 2014) ("[I]nattention alone will not defeat the [plaintiff's] argument."). A failure to find a drafting error does not prevent reformation. *Rentenbach Eng'g Co., Constr. Div. v. Gen. Realty Ltd.*, 707 S.W.2d 524, 527-28 (Tenn. Ct. App. 1985). One party's denial of the existence of an agreement or a mistake does not automatically bar the reformation of a contract. *Sikora*, 212 S.W.3d at 288; *Chandler*, 2011 WL 4026844 at *4.

Here, Plaintiff submitted evidence to establish that the parties to the deed at issue intended to encumber the 2-acre parcel in the refinancing of the original loan that was secured by the same parcel. Plaintiff also asserted that the debt was still due and owing and had not been fulfilled, despite the filing of a Release that provided otherwise. Defendants responded with an affidavit in which Ms. Ingram attested that Decedent advised her that "he was glad that the land was released" by AFGS because the land would pass to her and Mr. Harvey "free and clear upon his death."

Plaintiff argued that the statement offered was inadmissible hearsay and also irrelevant. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). Hearsay is inadmissible in trial court proceedings unless it falls within one of the recognized exceptions to the hearsay rule. Tenn. R. Evid. 802. "Death is universally conceded to be sufficient." *Breeden v. Indep. Fire Ins. Co.*, 530 S.W.2d 769, 772 (Tenn. 1975); *see* Tenn. R. Evid. 804(4) (providing that one such hearsay exception is the unavailability of a witness because of the declarant's death). Nevertheless, the statement was irrelevant to the questions before the court, namely whether the parties intended to encumber the 2-acre parcel or whether the debt was actually still due and had been released in error. With these considerations in mind, we hold that Plaintiff submitted clear and convincing evidence to establish the mutual mistake of the parties to the deed. This evidence, along with Plaintiff's assertion that the debt remained due, was unrebutted following the hearing. Accordingly, we affirm the grant of summary judgment and the resulting reformation of the deed and declaration that the Release was null and void.

## V. CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed equally to the appellants, Marce Harvey Ingram and Michael Harvey.

_____
JOHN W. McCLARTY, JUDGE